FRANK MAHER, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals. Opinion Filed November 8, 1921.

1. **MASTER AND SERVANT:** Injury to Freight Truckman: Interstate Commerce: Employers' Liability Act: Sufficiency of Petition. In an action brought under the federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665) by a freight truckman for damages for personal injuries alleged to have been sustained whilst he was engaged in moving a crated planing mill machine, caused by the base or crate supporting it, being old and rotten, breaking or giving way and the weight of the machine falling upon him, which machine was at the time in course of shipment in interstate commerce, *held* that the petition stated a cause of action—certainly after verdict.

2. ———: ———: Handling Unsafe Freight: Assumption of Risk: Knowledge. Where a freight truckman was called to lend a hand in an emergency to help out in moving a machine, the base or frame, by which of necessity it had to be handled, was rotten and in such condition that it was likely to break under the strain when lifting or moving same, and he was at the time lifting the machine at the only available point open to him to take hold of, he is not to be regarded as having assumed the risk unless he was aware of the dangerous and unsafe condition, or it was so plainly observable that he must be presumed to have had knowledge of it.

3. ———: ———: ———: ———: Evidence: Question for the Jury. Whether a freight truckman, injured whilst helping in moving a crated machine, the underpinning which was of wood and weak and rotten, was aware of the unsafe condition or it was so plainly observable that he must be presumed to have knowledge of it and thereby assumed the risk, *held* under the evidence, a question for the jury.

4. ———: ———: Handling Interstate Freight: Engaged in Interstate Commerce. A truckman in handling freight in freight yards, was engaged in interstate commerce or in work so closely related to it as to be practically a part of it, whilst assisting in moving a crated planing mill, which was on a platform of defendant railroad company and was in the way of other truckmen who desired to load a car; the machine having been placed there by another

railroad company for the purpose of transportation to a point outside the State.

5. **NEGLIGENCE:** Contributory Negligence: Employers' Liability Act; Instructions: Reduction in Case if Contributory Negligence Proper. In an action for damages for personal injuries against a railroad company under the federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665) it was proper to instruct the jury, in case of contributory negligence on the part of plaintiff, they should make a proportionate reduction in damages if they found for the plaintiff.

6. **TRIAL PRACTICE:** Instructions: Properly Refused When Covered by Instructions Given. An instruction requested by defendant is properly refused where the matter contained therein was correctly covered by instruction given at the instance of plaintiff.

7. **INSTRUCTIONS:** Employers' Liability Act: Instruction on Non-liability if Injury Was Caused by Accident, etc., Properly Refused. In an action brought under the federal Employers' Liability Act (U. S., Comp. St., sections 8657-8665) for damages for personal injuries alleged to have been sustained whilst moving a machine, the crate of which was rotten and unsafe, *held* that the court properly refused to instruct that, if the injury received was caused by accident, mischance or misadventure, and without the negligence of either plaintiff or defendant, plaintiff was not entitled to recover.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Karl Kimmel,* Judge.

Affirmed.

*W. F. Evans, E. T. Miller* and *A. P. Stewart* for appellant.

(1) The demurrer to the evidence should have been sustained. (a) No negligence was shown. The danger of injury in moving and handling freight was one inherent in the nature of plaintiff's employment, and ordinarily incident to that employment, and he therefore assumed the risk. (b) The evidence did not bring the case within the Federal Employers' Liability Act. The test of employment in interstate commerce is, was the employee

at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it? Shanks v. Railroad, 239 U. S. 556; N. Y. Cent. R. Co. v. White, 243 U. S. 188; Erie R. Co. v. Collins, 40 Sup. Ct. Rep. 450. Measured by this test, plaintiff, at the time of his injury, was not employed or engaged in interstate commerce, and therefore he was not entitled to recover under the Act. Ills. Cent. R. Co. v. Behrens, 233 U. S. 473; Shanks v. Railroad, 239 U. S. 556; Delaware, etc., R. Co. v. Yurkonis, 238 U. S. 439; Chicago, etc., R. Co. v. Harrington, 241 U. S. 177; Minneapolis, etc., R. Co. v. Winters, 242 U. S. 353; Lehigh Val. R. Co. v. Barlow, 244 U. S. 183; Yazoo & M. V. R. Co. v. Houston (Miss.), 75 So. 690; Ills. Cent. Co. v. Rogers 221 Fed. 52; Froelich v. Railway (N. Dak.), 173 N. W. 822; Buynofsky v. Railroad (N. Y.), 126 N. E. 714; Ills. Cent R. Co. v. Probus (Ky.), 218 S. W. 724; Capps v. Railroad (N. C.), 101 S. E. 216; Minnesota, etc., R. Co. v. Nash, 242 U. S. 619; Illls. Cent. R. Co. v. Cousins, 241 U. S. 641; Baltimore & O. R. Co. v. Branson, 242 U. S. 623. (2) The court erred in giving instruction No. 1 at the instance and on behalf of plaintiff. This instruction is not supported by the evidence, in that there was no evidence that plaintiff was in the employ of defendant in interstate commerce, or that plaintiff was required by defendant to assist in moving the planing mill, or that defendant did not use ordinary care in requiring plaintiff to assist in moving said machine. It was, therefore, error to submit these issues to the jury. Degonia v. Railway, 224 Mo. 564, 590; Wagoner v. Railroad, 118 Mo. App. 239, 250; Chambers v. Railway, 111 Mo. App. 609, 612. (3) The court erred in refusing to give instruction No. 1-A, requested by defendant. This instruction conformed to the evidence, and correctly declared the law of the case. Authorities under point 1. (4) The court erred in refusing to give instruction No. 2-A, requested by defendant. The evidence shows that plaintiff's injury was the result of an accident occurring without any negligence on the part of defendant.

Beauvais v. St. Louis, 169 Mo. 500; Feary v. Railway, 162 Mo. 75; Zeis v. Brew. Assn., 205 Mo. 638; Briscoe v. Railway, 222 Mo. 104. (5) The court erred in refusing to give instruction No. 3-A, requested by defendant. The evidence fails to sustain the allegation in the petition that defendant required plaintiff to assist in moving the machine, but, on the contrary, it does show that plaintiff's act in assisting the other employees in moving it was either voluntary on his part or at their request.

*Hall & Dame* for respondent.

(1) It was not error to overrule defendant's objection to the introduction of any testimony made at the beginning of the trial, on the ground that the petition failed to state facts sufficient to constitute a cause of action. (a) All facts essential to the charge of requiring plaintiff to handle an unsafe, rotten and dangerous machine or shipment, were properly pleaded. Bender v. St. Louis & San Francisco R. Co., 137 Mo. 240; Oglesby v. Missouri Pacific Ry. Co., 150 Mo. 137; Mitchell v. Wabash Ry. Co., 97 Mo. App. 411; Near v. St. Louis & San Francisco R. Co., 261 Mo. 80; Cunningham v. C., B. & Q. R. R. Co., 156 Mo. App. 617; Bible v. Railroad, 169 Mo. App. 530; Gibson v. Bridge Co., 112 Mo. App. 594. The petition alleges and plaintiff proved all facts essential to the charge of negligence of defendant in requiring or permitting him to handle the machine which was unsafe and dangerous, in that it was likely to fall on account of its condition and injure plaintiff. (b) Defendant Railroad Company was not legally bound as a common carrier to accept the freight for shipment in bad condition. Atlantic Coast L. R. Co. v. Rice, 169 Ala. 265, 918 Ann. Cas. 1912, p. 389, 29 L. R. A. (N. S.) 1214; California Powder Works v. Atlantic & P. R. Co., 113 Cal. 329, 36 L. R. A. 648; Fitzgerald v. Adams Express Co. 24 Ind. 447, 87 Am. Dec. 341; Sutcliffe v. Great Western Ry. (1910), I. K. B. (Eng.) 478, 18 Ann. Cas. 224. (c) The case was clearly brought within the Federal Employers' Liability Act.

It was admitted the defendant had received the machine for shipment to another State and was an interstate shipment, and it is plain that plaintiff, at the time he was injured, was doing work connected with Interstate Commerce, or in work so closely related to it to be practically a part of it. Erie R. Co. Welch, 242 U. S. 303; Norfolk & Western R. Co. v. Earnest, 229 U. S. 1096; St. Louis & San Francisco Ry. Co. v. Seale, 229 U. S. 1129; Crecelius v. Chicago, Milwaukee & St. Paul Ry. Co., 205 S. W. 281; Pederson v. Delaware, L. & W. R. Co., 229 U. S. 1125; Cassin v. R. Lusk, 277 Mo. 663; Lock v. Chicago, Burlington & Quincy Co., 219 S. W. 919; Manes v. Frisco R. Co., 220 S. W. 14; Williams v. Scharff, Receiver, 222 S. W. 412; Erie R. Co. v. Collins, 40 Sup. Court Reports 450; Erie R. Co. v. Szary, 40 Sup. Court Reports 453; Western Ry. Co. of Alabama v. Mays, 72 So. 641; Solomon v. Southern R. Co., 180 S. W. 165, 133 Tenn. 223; Smigiel v. Great Northern R. Co., 160 N. W. 1057; Chicago, Rock Island & Pacific R. Co. v. Ind. Board of Ill., 273 Ill. 528 (L. R. A. 1916-F, p. 40); Bagort v. New York Central & Hudson River R. Co., 157 N. Y. Sup. 420. (2)   The plaintiff being in the employ of defendant, and engaged in interstate commerce at the time of being required by defendant to assist in moving whatever is to be moved, or what is to be done in the way of handling freight, and it appearing that defendant knew of the defective condition of the planing mill, and the plaintiff was thereby injured, these issues were properly submitted to the jury. Authorities under Point 1.   (3) Defendant's refused instruction No. 1-A was properly refused because it is not necessary for plaintiff, in order to be engaged in interstate commerce, to be actually putting or loading the machine in the car, as what they were doing to the machine was something that is incident to any shipment. Authorities under Point 1.   (4)  Defendant's instruction No. 2-A was properly refused because the evidence shows that the accident was due to the defendant's negligence in requiring plaintiff to handle the unsafe machine.   (5)

Instruction No. 3-A offered by the defendant was properly refused because the evidence shows, and it cannot be denied, that plaintiff was to do in his trucking whatever was necessary to be done as occasion required without being expressly commanded to do a certain specific act.

DAUES, J.—This is an action for damages for personal injuries sustained by plaintiff while in the employ of defendant as a freight trucker at its depot in St. Louis, Mo. The suit was originally brought against the St. Louis & San Francisco Railway Company and the St. Louis & San Francisco Railroad Company, but was dismissed as to the Railroad Company. We will refer to the petition as if drawn against the Railway Company alone.

The plaintiff was a truckman in the employ of defendant, a common carrier engaged in interstate commerce, as alleged and admitted. It is charged in the petition that plaintiff, on a day named, was assisting in handling freight at defendant's freight yards in St. Louis; that at that time he was acting under the orders and directions of the defendant, and with other employees of the defendant was engaged in moving a machine known as a planing mill which was in defendant's yards at a place named, and which had been received and accepted by defendant from the St. Louis & Iron Mountain Railway Company for the purpose of being transported from the State of Missouri into the State of Arkansas; that while so engaged in assisting in moving the machine and pushing it, on account of defendant's negligence, as hereinafter set out, the base or frame of the machine broke or gave way, causing part of it to fall upon and crush, break and fracture certain bones of plaintiff's left leg and sprain plaintiff's left ankle, it being averred that these injuries are permanent and painful. It is averred that it was defendant's duty to furnish plaintiff and require him to handle, in the performance of the duties of his employment, only freight that was in a reasonably safe condition to be handled or moved by plaintiff and other of defendant's

employees, but that defendant in disregard of its duty in that behalf, required plaintiff to assist in handling and moving the machine, which was unsafe and dangerous in that the base or crate supporting it was old, decayed, weak and rotten, and not of sufficient strength to stand any strain in the handling and moving of the machine, and that these beams or supports were likely, as a natural and probable result in being so moved, when weight or strain was put upon them, to break and collapse and cause plaintiff to be injured as above stated.

Petition avers that defendant knew, or by the exercise of ordinary care would have known, of the defective and dangerous condition of the timbers or frame, and that it was not safe to be handled and moved by plaintiff, as the frames and supports were likely to break in being so handled; that the negligence of the defendant directly caused the injury complained of by plaintiff.

Petition avers that the railroad track of the defendant upon which the machine was to be shipped from St. Louis, Missouri, to the State of Arkansas was a track used in interstate commerce at the time plaintiff was injured, and that at that time plaintiff was engaged in handling a planing or saw mill which, it is averred, was an interstate shipment, and that plaintiff was employed by the defendant in such commerce, and setting up the nature and extent of his injuries plaintiff prays judgment for $7400 and costs.

The answer was a general denial, and pleas of contributory negligence and assumption of risk. The reply was a general denial.

On a trial before the court and a jury there was a verdict in favor of plaintiff for $2500. Defendant appealed.

The evidence tends to show that the machine, or mill, had been delivered at the platform of the defendant railway company at St. Louis, coming to it from the St. Louis Iron Mountain & Southern Railway Company, to be carried by defendant into the State of Arkansas. When it was loaded on the platform defendant's agent made some objection to the condition of the machine as not being safe, and stated that he would call the matter to the attention of his superior. Whether he did so or not

does not appear. At any rate, the machine was placed on the platform ready for shipment from St. Louis to a point in Arkansas. Certain truckmen of the defendant were trying to load a car which was in place near the platform and this machine obstructed the entrance to this car so that they could not get the freight into it. Finding themselves unable to move the machine alone, they called on plaintiff and another truckman, who was also in defendant's employ, to assist them in moving the machine or mill. While they were attempting to move it, the underpinning, which was of wood, and weak and rotten, as the evidence showed, gave way and the weight of the machine fell on plaintiff, injuring him. It was in evidence that it was usual and customary for employees working there as truckmen when needing help to call on their fellow workmen to assist; that it was the duty of these men to do so, and that was the manner in which plaintiff was employed in this particular job. It appears that this machine was afterwards loaded into a car and sent on its way to Arkansas.

It is conceded that this action was brought under the Federal Employers' Liability Act. Whether properly so or not is the question presented.

The assignments of error by learned counsel for the appellant are, first, to the introduction of any testimony, on the ground that the petition failed to state facts sufficient to constitute a cause of action. This point. however, has not been argued, and it is not necessary for us to consider it, except to say that the petition, we think, was sufficient and it is certainly good after verdict. The second point made and argued is that the trial court erred in overruling defendant's demurrer to the evidence interposed at the close of the evidence on the part of plaintiff. The defendant offered no evidence.

Counsel for appellant contend, first, that no negligence was shown, and that the danger of injury in moving and handling freight was one inherent in the nature of plaintiff's employment and ordinarily incident to that employment, and he therefore assumed the risk. We cannot accede to this proposition.

There is evidence tending to show that the base or frame of this machine, by which of necessity it had to be handled, was rotten and in such condition that it was likely to break under the strain when lifting or moving same. There was evidence adduced that the shipping clerk discovered this unsafe condition when the shipment was received by defendant, and that he informed Kline, the foreman, of such condition; that said foreman saw the machine immediately before and after the accident. The foreman described the freight as follows: ''The castings were more or less corroded and weather-beaten, and had stood out in the weather, and the frame work was more or less rotten.''

Witness Bockstruck, who was delivering freight there at the time, testified that he examined the machine before the accident and saw that ''it looked like it wasn't in condition to be raised and a roller put under,'' and that the timbers were very rotten.

Witness Hammer was one of the truckmen whom plaintiff was assisting at the time in moving the machine. He testified that the lumber broke under the weight of the machine; that ''the lumber was in absolutely bad shape, it gave in.'' He testified further:

''Q. Did you notice after this lumber, the bottom broke? A. Yes, sir.

''Q. Did you notice what condition it was in? A. Yes, sir.

''Q. What condition was it in? A. Bad condition.

''Q. Now, was the rotton condition of this framework, the wooden part of the machine, was it noticeable or apparent to anyone looking at it? A. Afterwards?

''Q. No; before you moved it? A. No, sir.''

The witness explained that by bad condition he meant ''it wasn't good lumber;'' that it was ''absolutely rotten.'' Hence, it appears that the shipping clerk and the foreman who had examined the freight discovered it to be unsafe for handling; also, that the truckman, Hammer, after the accident found the lumber rotten.

Plaintiff, it must be remembered, was called to lend a hand in moving the machine; he was called in an emergency to help out, and he was at the time lifting the machine at the only available point open to him to take hold of.

Mr. Justice PITNEY, in Ches. & Ohio Ry. v. Proffitt, 241 U. S., l. c. 468, discusses so clearly the theory of negligence here involved and the application of the defense of assumption of risk thereunder that we invoke his language, as follows: "If it was an unusual and extraordinary danger, plaintiff could not be held to have assumed it, in the absence of knowledge or notice on his part. To subject an employee, without warning, to unusual dangers not normally incident to the employment, is itself an act of negligence. And, as has been laid down in repeated decisions of this court, while an employee assumes the risks and dangers ordinarily incident to the employment in which he voluntarily engages, so far as these are not attributable to the negligence of the employer or of those for whose conduct the employer is responsible, the employee has the right to assume that the employer has exercised proper care with respect to providing a reasonably safe place of work (and this includes care in establishing a reasonably safe system or method of work) and is not to be treated as assuming a risk that is attributable to the employer's negligence until he becomes aware of it, or it is so plainly observable that he must be presumed to have known of it. The employee is not obliged to exercise care to discover dangers not ordinarily incident to the employment, but which result from the employer's negligence. [Tex. & Pac. Ry. v. Archibald, 170 U. S. 665, 671, 672; Choctaw, Oklahoma, etc., R. R. v. McDade, 191 U. S. 64, 68; Tex. & Pac. Ry. v. Harvey, 228 U. S. 319, 321; Gila Valley Ry. v. Hall, 232 U. S. 94, 101; Seaboard Air Line v. Horton, 233 U. S. 492, 504.]"

Plaintiff, therefore, is not to be regarded as having assumed the risk attributed to defendant's negligence unless plaintiff was aware of it, or it was so

plainly observable that he must be presumed to have had knowledge of it, and upon the record before us we cannot so hold as a matter of law.

There is substantial evidence that defendant's shipping clerk notified the foreman who was directly over plaintiff of the rotton condition of the timbers under the machine, and that plaintiff was subjected, without any warning whatsoever, to this unusual danger of lifting this heavy machine by taking hold of the frame by hand. Clearly it was not a danger normally incident to plaintiff's employment.

As already stated, the evidence shows that the truckers had authority to call plaintiff to assist in the work and that it was plaintiff's duty to come when called.

The next point made and most earnestly argued is that the evidence did not bring the case within the Federal Employers' Liability Act.

Without going into the multitude of cases of the Federal courts on this matter, and particularly those of the United State Supreme Court, we think it sufficient to refer to that of Shanks v. Delaware, Lackawana & Western R. Co., 239 U. S. 556, especially to that part of it commencing at page 559, on which counsel for both parties rely. Applying the tests which were there used to determine what is interstate commerce, the Supreme Court of the United States has given many instances, and we think that this one at bar comes within the rule there announced, although no case just like the one before us is presented. This machine was, in fact, at the time and place, a part of an interstate commerce shipment, temporarily halted at St. Louis on its way to its ultimate destination in another State. But it was as much a part of that transportation as if on the train in actual transit. It had been deposited on the platform of he defendant by another road, for the purpose of transportation by the defendant to a point outside of this State. The fact that it was standing at the time on the platform can make no difference. It was as much on its way as an interstate shipment as if actually in the car,

or about to be put in the car for interstate shipment. We can take no other view of it, under the decisions of the Supreme Court of the United States and of our own State, than that this machine at the time constituted a part of interstate commerce, and that plaintiff was injured while engaged either directly in interstate transportation, or, certainly, in work "so closely related to it as to be practically a part of it;" and that is said in Shanks v. Delaware, Lakawana & Western R. Co., supra, to be the test. So we hold that the evidence in the case shows that plaintiff "was at the time of the injury engaged in interstate transportation, or in work so closely related to it as to be practically a part of it."

The next assignment of error is that the court erred in giving at the request and on behalf of plaintiff, instructions Nos. 1 and 2. There is no particular complaint made of instruction No. 1, except that it embraced the question of whether plaintiff at the time was engaged in work that was connected with interstate commerce, it being argued that the evidence failed to show that plaintiff was at the time engaged in interstate commerce. There was no error in this.

The second instruction is under the Federal Employers' Liability Act, which requires the jury, in case of contributory negligence on the part of plaintiff, to make a proportionate reduction, if they found for plaintiff. That was properly submitted to the jury. The instructions given, as we read them, were strictly in line with the law relating to employers' liability under the Interstate Commerce Act.

The fourth assignment is to the refusal of the court to give four instructions asked by defendant. The first of these instructions asked and refused was to the effect that if the jury found that plaintiff and his fellow workmen were not moving the machine mentioned for the purpose of loading it in a car to be transported from the City of St. Louis to a point in another State, then plaintiff was not engaged in interstate commerce at the

time and under the issues could not recover. That instruction was properly refused, since the matter of interstate commerce was correctly covered by the instruction given at the instance of plaintiff.

The second refused instruction was to the effect that if the injury received was caused by accident, mischance or misadventure, and without the negligence of either plaintiff or defendant, plaintiff was not entitled to recover. That, we think, was properly refused.

The third instruction refused was to the effect that that if plaintiff was a volunteer he could not recover. That was properly refused.

The fourth instruction was as to the measure of damages. As that was correctly covered by the instruction given at the instance of plaintiff, this was properly refused.

Finding no reversible error in the case, the judgment of the Circuit Court is affirmed. It is so ordered.

*Allen, P. J.,* and *Becker, J.,* concur.